COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges AtLee, Causey and Senior Judge Haley
Argued at Richmond, Virginia


JERMAINE ANTOINE COLEMAN

MEMORANDUM OPINION* BY
v.        Record No. 0520-21-2           JUDGE JAMES W. HALEY, JR.
                                         JULY 12, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

(Melvin L. Todd, Jr., on brief), for appellant.  Appellant submitting
on brief.

Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


In 2018, a jury convicted Jermaine Antoine Coleman of possessing a firearm after

conviction of a violent felony in violation of Code § 18.2-308.2.  The trial court sentenced him to

five years of imprisonment.  In a prior proceeding pursuant to Code § 19.2-398(A)(2), this Court

reversed the trial court's pretrial decision granting appellant's motion to suppress the evidence

on Fourth Amendment grounds.  *See Commonwealth v. Coleman*, No. 1017-18-2 (Va. Ct. App.

Nov. 20, 2018) (*Coleman I*).  In this appeal, appellant again alleges that the trial court correctly

granted the motion to suppress and that the above cited opinion is erroneous, in accordance with

the review provisions of Code § 17.1-410(A)(1).[1]  Appellant maintains that police obtained his

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Under Code § 17.1-410(A), a criminal defendant, if convicted following a pretrial
appeal by the Commonwealth pursuant to Code § 19.2-398(A), is not precluded "from requesting
the Court of Appeals . . . on direct appeal to reconsider an issue which was the subject of the pretrial
appeal[.]"  *See also* Code § 19.2-409 (same).  Thus, upon direct appeal of appellant's conviction,
this Court is "authorized to reconsider the constitutionality" of the collection of evidence by the

identifying information as a result of an illegal search and seizure, and he seeks to suppress a "comparative analysis between his fingerprints and other evidence[.]"

## FACTS

A truncated statement of facts suffices to resolve the issue before us. During an encounter with police, officers found a firearm on the ground several feet from where appellant had been standing. They seized the firearm and sent it to the state laboratory for analysis. Appellant specifically denied that he had possessed any weapon. The police obtained a comparative analysis of a fingerprint found on the magazine of the gun and appellant's known fingerprint contained in the Central Criminal Records Exchange (CCRE) database. The fingerprint in the CCRE database is necessarily correlated to the identity of the individual from whom it was taken. The fingerprint on the gun matched appellant's fingerprint in the CCRE database. Appellant's fingerprints and his identification were in the CCRE database well before the instant encounter with the police.

## ANALYSIS

Appellant asserts no Fourth Amendment interest in either the firearm on which the fingerprint was found or in the CCRE database. Nor can he, as neither was seized from him during his encounter with the police. Moreover, neither party disputes that the firearm was abandoned. Regardless of the lawfulness of appellant's encounter with the police, any such impropriety does not deprive the government of the ability to prove his guilt through the introduction of evidence that was wholly "untainted by [a] constitutional violation." *United States v. Crews*, 445 U.S. 463, 475 (1980). A motion to suppress only "prevents evidence

---

Commonwealth. *Cole v. Commonwealth*, 294 Va. 342, 353 (2017). Although appellant's assignment of error—that the trial court's ruling on the motion to suppress was correct——was drafted inartfully, review of the suppression issue is properly before this Court, *see id.*, and we deny the Commonwealth's motion to dismiss.

obtained in violation of the [F]ourth [A]mendment from being used against the accused."

*Redmond v, Commonwealth*, 57 Va. App. 254, 261 (2010) (quoting *Commonwealth v. Ealy*, 12

Va. App. 744, 750 (1991)), *cited with approval in Bellamy v. Commonwealth*, 60 Va. App. 125,

130 (2012).  As demonstrated, the police obtained no such evidence here.  Accordingly, any

analysis of the encounter here would be moot, as it is not an issue needing resolution.

CONCLUSION

For the foregoing reasons, as we concluded in *Coleman I*, the exclusionary rule did not

require the suppression of the evidence, and we do not disturb appellant's conviction.

*Affirmed.*